## TURNER VS GONZALES.

### Opinion delivered October 5, 1901.

1. *Deeds—Parol Evidence.*

Parol evidence is admissible to specifically ascertain and identify lands described in general terms, in a written deed of conveyance; and when, by such parol evidence, the description of the subject matter of the instrument is made specific, then the instrument will not be held void for uncertainty.

2. *Evidence—Ex Parte Affidavits Attached to Pleadings, Inadmissible.*

In an action for the recovery of possession of land exparte affidavits attached to a bill for injunction in former suit concerning same land, by strangers to the present suit, are inadmissible as evidence.

3. *Evidence—Orders in Another Suit Inadmissible Unless Pleaded in Bar.*

In an action to recover possession of land, orders of court made in an injunction suit concerning the same tract of land, are inadmissible in evidence, when such orders are not pleaded in bar in the present action.

4. *Evidence—Statements in Absence of Parties, Inadmissible.*

Statements made by plaintiff's grantor that she signed instrument of conveyance to defendant's grantor, are inadmissible in a suit by plaintiff to recover possession of land from defendant, when such statements were not made in plaintiff's presence.

5. *Evidence—Deed of Conveyance Subsequent to Gift, Inadmissible.*

Defendant, in an action to recover possession of certain lands from him, cannot introduce in evidence a deed of conveyance of plaintiff's grantor executed subsequent to a gift by such

party to plaintiff, under which plaintiff had immediately taken possession.

6. *Verdict—Value of Improvements Allowed only after Peaceable Possession.*

In an action to recover possession of lands, the court directed a verdict for the plaintiff and instructed the jury to give plaintiff, in their verdict, the buildings and improvements erected on the land by defendant. *Held*, that in view of the established testimony showing that there was a continual quarrel over the possession of the land, the defendant's possession was not such a peaceable one as entitled him to an allowance for his improvements.

7. *Statute of Limitations—Non-suit—New Action Within One Year.*

A suit for the recovery of possession of property is not barred by the statute of limitations though more than five years has elapsed since the cause of action accrued, and five years being the statutory period of limitation for such actions, when a suit was first brought within the five years, and a non-suit taken, and the present action begun within one year thereafter, under Mansf. Dig. Sec. 4497 (Ind. T. Stat. Sec. 2964.)

Appeal from the United States court for the Northern district.

JOHN R. THOMAS, Judge.

Action by Lula B. Gonzales against Fred E. Turner. Judgment in favor of plaintiff. Defendant appeals. Affirmed.

On February 7, 1899, the plaintiff below, appellee here, filed her complaint. On September 19, 1900, defendant below, appellant here, by leave of court, filed his motion to require plaintiff to make her complaint more definite and certain. On same day plaintiff filed amended complaint, and alleged that she is a Creek Indian by blood, and defendant a citizen of the United States; that she sues for the possession of a certain lot of land, containing about five acres,

and the improvements thereon, situated in the town of Muskogee, as described in said complaint, and $500 as damages for the wrongful taking and holding of said land; that plaintiff is the owner and was lawfully in possession May 18, 1894, when defendant wrongfully entered and took possession, and still holds possession unlawfully, "and that said five acres of land was given and delivered to the plaintiff herein by her mother in the year 1891, as is evidenced by a certain gift deed of date March 1, 1891, which is filed herewith for reference, and which said gift deed is confirmed by a reformed gift deed executed by the said C. C. Bellstedt to this plaintiff of date April 25, 1898." Plaintiff asks for possession and damages. On same day defendant filed demurrer, and also answer to plaintiff's complaint, and admitted citizenship as alleged by plaintiff, and say plaintiff is not entitled to possession of said premises: "(1) Because the said cause of action, if there existed a cause of action in the plaintiff, accrued on the 4th day of December, 1891, when the premises described in the plaintiff's complaint were sold, transferred, and delivered to P. N. Blackstone; and that on the 30th day of March, 1896, the said P. N. Blackstone conveyed the said property to Turner & Bozeman, the said Turner being the defendant in this action which said conveyance was made, executed, and delivered more than five years next before the commencement of this suit, and contrary to the law in such case made and provided. That under said conveyance said Blackstone and the defendant in this action immediately entered upon and took possession of the said premises, and have been ever since that date, and are now, in the full and uninterrupted, enjoyment and possession of the same." That plaintiff on the———day of———instituted suit for possession of these premises against defendant, and subsequently took a nonsuit in said case, and therefore is not entitled to maintain this action. Defendant denies that plaintiff is the owner and entitled to possession of said premises, and denies

"that the plaintiff was the owner and lawfully in possession of the said premises in the year. 1894, or at any time since the execution and delivery of the bill of sale of the said premises from Mrs. C. C. Bellstedt, the true and lawful owner thereof, to P. N. Blackstone, on the 4th day of December, 1891." Defendant denies that he wrongfully entered and unlawfully holds possession of said premises, and denies "that the said premises were given by the said C. C. Bellstedt, the mother of the plaintiff, to the plaintiff, in the year 1891, or at any other time. The defendant, further answering, alleged that the reform gift deed alleged to have been executed by the said C. C. Bellstedt in favor of the plaintiff on the 25th day of April, 1898, if the same was so executed as alleged, was executed long after the execution and delivery of the bill of sale to the said P. N. Blackstone; therefore should not affect the right of this defendant." Defendant denies damages, and asks for his costs. On October 15, 1900, the court overruled demurrer of defendant to plaintiff's amended complaint, and on same day case was submitted to a jury, and on October 16, 1900, the jury returned the following verdict; "We, the jury, find the issues in favor of the plaintiff, and find that she is entitled to the possession of the property described in the plaintiff's complaint, and we assess the plaintiff's damages at the sum of two hundred dollars. F. M. Elsey, Foreman." On October 19, 1900, defendant filed motion for new trial, which, on November 3, 1900, was overruled by the court. Defendant excepted, and appealed to this court.

*Benjamin Martin, Jr.* ( *N. B. Maxey,* of counsel), for appellant.

*William S. Wolfenberger* and *Nathan A. Gibson,* for appellee.

TOWNSEND, C. J. The appellant has filed 14 specifications of error, but discusses them under 7 heads. Under

the first head the error alleged is that the court admitted verbal testimony of the transfer of the property, when in her complaint she alleges a written instrument. The testimony is clear that the appellee received this tract of land by gift from her mother, C. C. Bellstedt, and entered into and took possession of the same on March 1, 1891. The court permitted the foregoing verbal testimony, but excluded the gift deed of that date, which is as follows: "March 1, 1891, Muskogee, I. T. I this day give to Lula B. Gonzales a piece of land south of log house, running east of Gibson road, taking one acre off fronting Gibson road. C. C. Bellstedt." In 2 Devl, Deeds, § 1012, it is said: "It is not essential to the validity of a deed that the description should be by boundaries, courses, or distances, or by reference to monuments. If the description is general, the particular subject-matter to which the description applies may be ascertained by parol evidence, and the deed will not be held void for uncertainty, if, with the aid of such evidence, the land intended to be conveyed can be located." It is clear that the foregoing instrument intended to give a piece of land to the appellee; that it was "south of log house, running east of Gibson road, taking one acre off fronting Gibson road," and dated March 1, 1891, Muskogee, Ind. T. If parol evidence could have ascertained the particular subject matter of this gift, then it should not have been held void for uncertainty. The evidence admitted by the court very conclusively did this, and we think it should have been admitted. Then no error could have been assigned for the admission of the verbal testimony. No objection is raised to the reformed gift deed dated April 25, 1898. This also disposes of the error alleged under the second head, which is as follows: "The district court erred in overruling appellant's objection to the introduction of testimony by appellee which did not correspond to the allegations in her complaint."

Under the third head the error alleged is the refusal

of the court to allow the introduction of two affidavits attached to a bill for injunction which appellant filed, and the orders made in that injunction suit. The affidavits were ex parte, and made by strangers to this suit, and were in no way binding upon the appellee. The orders made in said injunction suit were not pleaded as a bar to this suit, and the refusal of the court to admit same in this case was proper.

Under the fourth head the errors alleged are the refusal of the court to allow appellant to introduce what purported to be a bill of sale from Mrs. C. C. Bellstedt to P. N. Blackstone of the property in question, of date December 7, 1891, and the subsequent transfer of same by Blackstone to Turner and Bozeman, of date March 30, 1896, and the refusal of the court to allow appellant to testify that Mrs. Bellstedt, subsequent to the time the said bill of sale purported to be executed, acknowledged to appellant that she had signed the same. It certainly could not bind appellee if Mrs. Bellstedt made such a statement to appellant when appellee was not present, and therefore its admission was properly refused. The signing and execution of the purported bill of sale was not proven by any one except as the certificate of the notary may tend to show its execution. But suppose it was signed, acknowledged, and delivered to Blackstone by Mrs. Bellstedt on December 7, 1891, what title did Mrs. Bellstedt have to convey? She had already given this piece of land away to appellee on March 1, 1891, and the testimony is undisputed that appellee took possession of same, and had held it for some months before the bill of sale to Blackstone was signed. The appellee having taken actual possession of the land after the gift to her by her mother, this gift became absolute, and the land could no longer be alienated or controlled by C. C. Bellstedt, or by any one else claiming under C. C. Bellstedt by conveyance made subsequent to the transfer to the appellee. 8 Am. &

Eng. Enc. Law, p. 1309; 2 Kent, Comm. p. 438; Attorney General vs Merrimack Mfg. Co., 14 Gray, 586; Grover vs Grover, 24 Pick. 261, 35 Am. Dec. 319; Nolen vs Harden, 43 Ark. 307; Brantley vs Cameron, 78 Ala. 72.

Under the fifth head the errors assigned are that the court erred in instructing the jury to return a verdict for appellee, and to assess her damages at the rental value of the premises for the time appellant had been in possession, and in instructing the jury to return a verdict in favor of appellee for the buildings and improvements upon said premises. There can be no error in the court's instructions in this respect, unless the appellant, believing himself to be the owner under color of title, had peaceably improved said piece of land. The testimony shows that appellee had built a fence around this land, and during one year made a crop of corn on the land, and had at one time instituted a suit to recover the land, and at one time had the Indian agent stop the appellant from cutting a fence, and appellant at one time filed an injunction suit against appellee. It thus appears there was continually a quarrel as to the possession, and under the evidence we do not think that appellant has shown that he peaceably improved said land.

Under the sixth head the error alleged is the refusal of the court to instruct on the statute of limitations. It appears that before the expiration of five years from the date the purported bill of sale from Mrs. Bellstedt to Blackstone was executed, and under which appellant claims to have entered into possession, the appellee had instituted a suit to recover possession of these premises; that she subsequently took a nonsuit in that action, but before the expiration of one year from that time instituted this action. This she had a right to do. Mansf. Dig. § 4497; Ind. T. Ann. St. 1899, § 2964. And, as is shown supra, the appellant has never, since the land was transferred to appellee on March 1, 1891, enjoyed the continuous and exclusive possession re-

quired by the law for a length of time sufficient to bar the appellee's right of recovery. Newell, Ej. pp. 723, 730, 735.

Under the seventh head the error alleged is the hold-ing of the court that there was nothing in the case except the assessment of damages for the detention of the property. It is our judgment that the court ruled correctly, except in one particular, and that, as heretofore explained, did not in-jure appellant, and therefore the case should be and is affirmed.

GILL, CLAYTON, and RAYMOND, JJ., concur.